[No. D001582. Fourth Dist., Div. One. Nov. 18, 1985.]

In re the Marriage of JEAN A. and WILLIAM LACHENMYER.
WILLIAM LACHENMYER, Respondent, v.
JEAN A. LACHENMYER, Appellant.

COUNSEL

Steven J. Cote and Richard E. Gattis for Appellant.

Ashley, Brady & Cerniglia and John A. Brady for Respondent.

OPINION

LEWIS, J.—Jean A. Lachenmyer appeals that portion of the judgment dividing community property which awarded the parties' condominium to her husband, William Lachenmyer, under application of Civil Code section

4800.2.[1] That section provides for reimbursement of separate property contributions to the acquisition of community property.

Jean contends: (1) retroactive application of section 4800.2 is unconstitutional as a deprivation of vested property rights without due process of law; (2) section 4800.2 does not apply to a "gift" of separate property to the community; (3) the trial court improperly applied section 4800.2 in determining William's reimbursement.

We hold retroactive application of section 4800.2 to this case is not constitutionally valid. We need not reach the other issues, and we remand the matter to the trial court for proceedings consistent with this opinion.

## FACTS

Jean and William signed a prenuptial agreement on November 18, 1977, and were married in California on December 14, 1977. The agreement listed their items of separate property and provided that these respectively remain their separate property. The agreement provided for amendment by a writing. William listed the Solana Beach condominium here in dispute as his separate property.

On October 23, 1979, William executed a quitclaim deed prepared by Jean, transferring the Solana Beach condominium from William to "William Lachenmyer and Jean A. Lachenmyer, husband and wife as joint tenants."[2] At the hearing, William testified he made the transfer in response to Jean's threats to leave him at a time when he faced heart surgery. Jean denied making the threats. The parties separated on March 22, 1982. The court issued an interlocutory decree of dissolution on August 17, 1983, and judgment dividing community property on April 16, 1984.

---

[1]All statutory references are to the Civil Code unless otherwise specified. Section 4800.2 provides: "In the division of community property under this part unless a party has made a written waiver of the right to reimbursement or signed a writing that has the effect of a waiver, the party shall be reimbursed for his or her contributions to the acquisition of the property to the extent the party traces the contributions to a separate property source. The amount reimbursed shall be without interest or adjustment for change in monetary values and shall not exceed the net value of the property at the time of the division. As used in this section, 'contributions to the acquisition of the property' include downpayments, payments for improvements, and payments that reduce the principal of a loan used to finance the purchase or improvement of the property but do not include payments of interest on the loan or payments made for maintenance, insurance, or taxation of the property."

[2]The parties lived in the condominium prior to marriage until approximately September 1981, when they moved to William's father's home. They leased the condominium to tenants after their move. William and Jean remained in the father's home until their separation in March 1982. William inherited the home on his father's death in October 1982, and was living there at the time of the property division.

I

Jean contends retrospective application of section 4800.2 (eff. Jan. 1, 1984) is unconstitutional because. it deprives her of vested property rights without due process of law. We agree and reverse the trial court's holding that retroactive application of section 4800.2 is constitutionally valid.

The Legislature clearly intended section 4800.2 to apply retroactively. The bill enacting sections 4800.1, 4800.2 and amending section 5110 provided: "This act applies to the following proceedings:

"(a) Proceedings commenced on or after January 1, 1984.

"(b) Proceedings commenced before January 1, 1984, to the extent proceedings as to the division of the property are not yet final on January 1, 1984." (Stats. 1983, ch. 342, § 4.)

However, legislative intent alone is not sufficient. Retroactive application of the section must pass constitutional muster.

We take for guidance on the due process issue the Supreme Court's recent decision in *In re Marriage of Buol* (1985) 39 Cal.3d 751 [218 Cal.Rptr. 31, 705 P.2d 354]. The *Buol* court held section 4800.1[3] may not constitutionally be applied to cases pending before its effective date; so applied, the section impairs vested property rights without due process of law. (*Id.,* at p. 754.) Section 4800.1 sets a presumption that all property acquired during the marriage in joint tenancy is community property.[4] The section 4800.1 presumption is rebuttable only by a writing to the contrary.

The question in *Buol* at trial was the separate versus community property nature of the house which Mrs. Buol purchased with her earnings during the marriage. Title was taken in joint tenancy. The trial court found the parties had an enforceable oral agreement under *In re Marriage of Lucas* (1980) 27 Cal.3d 808 [166 Cal.Rptr. 853, 614 P.2d 285], that the earnings

---

[3]Section 4800.1 provides: "For the purpose of division of property upon dissolution of marriage or legal separation, property acquired by the parties during marriage in joint tenancy form is presumed to be community property. This presumption is a presumption affecting the burden of proof and may be rebutted by either of the following:

"(a) A clear statement in the deed or other documentary evidence of title by which the property is acquired that the property is separate property and not community property.

"(b) Proof that the parties have made a written agreement that the property is separate property."

[4]Before section 4800.1, only the parties' single family residence was subject to the community property presumption (§ 5110, as amended by Stats. 1979, ch. 373).

and house were Mrs. Buol's separate property. Accordingly, the court awarded Mrs. Buol the house. (*Buol, supra,* 39 Cal.3d at p. 755.) While appeal was pending, the Legislature enacted section 4800.1.

The Supreme Court stated that at the time of trial Mrs. Buol had a vested property interest in the house *as separate property.* It applied the definition used in *In re Marriage of Bouquet* (1976) 16 Cal.3d 583, 591, in footnote 7 [128 Cal.Rptr. 427, 546 P.2d 1371], i.e., " 'property rights that are not subject to a condition precedent.' " (*Buol, supra,* 39 Cal.3d at p. 757, fn. 6.) Under the old law, only proof of an oral agreement was necessary to protect this interest; the section 4800.1 retroactive requirement of a writing to evidence intent to maintain the joint tenancy asset as separate property substantially impaired that interest. The section eliminated "the means by which one might prove the existence of the vested property right . . . [thereby] affect[ing] the vested property right itself." (*Buol, supra,* at p. 759.)

■ However, the Supreme Court noted vested rights are not immutable; the state has a " 'police power' right to interfere with vested property rights whenever reasonably necessary to the protection of the health, safety, morals, and general well being of the people." (*Bouquet, supra,* 16 Cal.3d at page 592.) The court applied its own analysis from *Bouquet* and *Addison* v. *Addison* (1965) 62 Cal.2d 558 [43 Cal.Rptr. 97, 399 P.2d 897, 14 A.L.R.3d 391], to conclude that, unlike *Bouquet* and *Addison,* the justification for retroactive application did not apply in *Buol.* Neither does it apply in the instant case.[5]

As the court explained, in both *Bouquet* and *Addison,* "the state's paramount interest in the equitable dissolution of the marital partnership justifies legislative action abrogating rights in marital property where those rights derive from manifestly unfair laws." (*Buol, supra,* 39 Cal.3d at p. 761.) The *Bouquet* court retroactively applied an amendment to section 5118 making the postseparation earnings of both spouses, not just the wife, separate property. (*Bouquet, supra,* 16 Cal.3d at p. 586.) In *Addison,* the court applied new quasi-community property legislation to property in the husband's name acquired before the quasi-community property concept was enacted. (*Addison, supra,* 62 Cal.2d at pp. 566-567.) The *Buol* court continued: "No such compelling reason exists for applying section 4800.1 retroactively. Section 4800.1 cures no 'rank injustice' in the law and, in the retroactivity context, only minimally serves the state interest in equitable division of

---

[5]We acknowledge that Jean at the time of the transfer into joint tenancy had a vested property right in the condominium as community property undiminished by reimbursement. (See § 5105; *See* v. *See* (1966) 64 Cal.2d 778, 785 [51 Cal.Rptr. 888, 415 P.2d 776] [in absence of an agreement, use of separate property for community purposes is a gift to the community].)

marital property, at tremendous cost to the separate property owner." (*Buol, supra,* 39 Cal.3d at p. 761.)

 Section 4800.2 does not cure a rank injustice in the former law. Under the former scheme, a spouse presumptively received no reimbursement for separate property contributions to the community. (*Lucas, supra,* 27 Cal.3d at p. 816.) However, in the context of the marital relationship, courts validly presumed gratuitous intent when one spouse bestowed separate property on the community. No doubt a recognition of true donative intent attending a transfer during a healthy marriage relationship was the foundation of the presumption. There is nothing unfair about this presumption. Moreover, parties were free to provide for reimbursement by agreement. A similar rule has been deemed "supported by sound policy considerations." (*Lucas, supra,* 27 Cal.3d at p. 815.) The present case is far removed from the sex-based discrimination at the heart of *Bouquet* and the inequity in *Addison* of providing the innocent spouse with nothing in divorce proceedings brought on grounds of adultery. In this case, there is nothing so inherently unfair in preserving the condominium as community property free from reimbursement as to justify the impairment of Jean's vested community property rights in it by imposing a reimbursement requirement that was not present until section 4800.2 became effective.

Retroactive application of section 4800.2 only minimally serves the state interest in equitable division of marital property in cases such as this where the character of the property as community property[6] is undisputed and the sole question is reimbursement. The section changes the rules of the game by adding a writing requirement with which it is impossible to comply and which the Supreme Court deemed constitutionally infirm in the context of section 4800.1 in *Buol.* The section's due process violation is compounded by the reversal of the presumption itself and the new requirement of an agreement for nonreimbursement where none at all was required before. This makes for a stronger case than in *Buol* where retroactive application of section 4800.1 would have vitiated the parties' oral agreement establishing the house as separate property, "which the trial court found to be valid and enforceable under existing law." (*Buol, supra,* 39 Cal.3d at p. 763.) Section 4800.2's reversal of the presumption of gift and its addition of the requirement of a writing to waive the right to reimbursement serve to make the new 4800.2 presumption more conclusive when applied retroactively than that of 4800.1. (See *Buol, supra,* at pp. 757-763.) There is no way for

---

[6]The trial court apparently relied on the special presumption of community property arising from joint tenancy form of title. Either under former section 5110 or new section 4800.1, the condominium is presumptively community property. Discounting William's claims of duress, the court found the condominium to be community property.

Jean to protect her community interest in the condominium free from reimbursement.

Retroactive application of section 4800.2 would result in substantial cost to Jean as the holder of a community property interest in the condominium. William would receive a windfall to which he was not entitled when the community property interest was created. Jean's vested community property interest not subject to reimbursement cannot constitutionally be impinged by retroactive application of section 4800.2.

Judgment reversed.

Kremer, P. J., and Staniforth, J., concurred.